JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

*Attorneys for Plaintiff and all others similarly situated*

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SONIA MOMITA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRAND BAHAMA CRUISE LINE, LLC; and DOES 1 through 20, inclusive, and each of them,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br>(2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sonia Momita ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for herself and others similarly situated

seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendants Grand Bahama Cruise Line, Inc. and DOES 1 through 20 (collectively "Defendants"), in negligently knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of Los Angeles California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Florida.

3. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. §§ 1391(b) and 144(a) because Defendant does business within the State of California and the County of Los Angeles. Furthermore, Plaintiff is a resident of Los Angeles County.

## PARTIES

5. Plaintiff, Sonia Momita ("Plaintiff"), is a natural person residing in Los Angeles County in California.

6. Defendant Grand Bahama Cruise Line, Inc. ("Grand Bahama" or "Defendant") is a Florida limited liability corporation with its principal place of business at 801 International Parkway, 5th Floor, Lake Mary, Florida 32746. Plaintiff is informed and believes that Grand Bahama conducted and conducts

1  business in Los Angeles County.  Furthermore, its registered agent for service of
2  process is listed with the Florida Secretary of State as Bethany Worstell, 351
3  Lone Hill Drive, Unit 107, Altamonte Springs, Florida 32701.

4       7.     The above named Defendants, and their subsidiaries and agents, are
5  collectively referred to as "Defendants."  The true names and capacities of the
6  Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are
7  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious
8  names.  Each of the Defendants designated herein as a DOE is legally
9  responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of
10  Court to amend the Complaint to reflect the true names and capacities of the
11  DOE Defendants when such identities become known.

12       8.     Plaintiff is informed and believes and thereon alleges that at all
13  relevant times, each and every Defendant was acting as an agent and/or
14  employee of each of the other Defendants and was the owner, agent, servant,
15  joint venturer and employee, each of the other and each was acting within the
16  course and scope of its ownership, agency, service, joint venture and
17  employment with the full knowledge and consent of each of the other
18  Defendants.  Plaintiff is informed and believes and thereon alleges that each of
19  the acts and/or omissions complained of herein was made known to, and ratified
20  by, each of the other Defendants.

21       9.     At all times mentioned herein, each and every Defendant was the
22  successor of the other and each assumes the responsibility for each other's acts
23  and omissions.

## FACTUAL ALLEGATIONS

25       10.     Beginning on or around November 1, 2014 in the afternoon and on
26  the morning of April 7, 2015, Defendants contacted Plaintiff on her cellular
27  telephone at (310) ***-77739, in an attempt to communicate with Plaintiff.  The
28  calls came from number (213) 257-5233.

11. Defendants used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to communicate with Plaintiff regarding services.

12. Defendants' call(s) constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendants' call(s) were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. Defendants never received Plaintiff's "prior express consent" to receive calls using an automated dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

15. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided express consent to receiving such calls within the four (4) years prior to the filing of this Complaint

16. Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to

Defendants within the four years prior to the filing of this Complaint.

17. Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

18. This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

19. **Numerosity**: The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

20. Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

21. **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members,

in that the claims of all Class members for each of the claims herein can be established with common proof.  Common questions of fact and law include, but are not limited to, the following:

    (a)    Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    (b)    Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

    (c)    Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

22.    **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members.  The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

23.    **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

24.    **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings.  In sum,

for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25. Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

26. Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**

**47 U.S.C. *ET SEQ.*)**

**(Against All Defendants)**

27. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

28. The foregoing acts and omission of Defendants constitute numerous

and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

29. As a result of Defendants violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

(KNOWING AND/OR WILLFUL VIOLATION OF

THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

**(Against All Defendants)**

31. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

33. As a result of Defendant(s)' violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. An order certifying this action as a class action and appointing

Plaintiff and her counsel to represent the Class;

2. For the first cause of action:
- Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;
- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

3. For the second cause of action:
- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation , pursuant to 47 U.S.C. § 227, *et seq.*;
- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent; and

///
///
///
///
///
///

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  April 16, 2015         Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: April 16, 2015

Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

Attorneys for Plaintiffs